UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LYLE BARKLEY,                              )
                                           )
        Petitioner,                )    Case No. 1:06-cv-112
                                           )
v.                                         )    Honorable Robert Holmes Bell
                                           )
BAY TOWNSHIP,                              )
                                           )
        Respondent.                )
_____)

## **OPINION**

        This is a habeas corpus action brought pursuant to 28 U.S.C. § 2241 by a petitioner proceeding without benefit of counsel. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.[1] If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th

---

[1]A district court may apply any of the rules governing section 2254 habeas petitions to those cases filed pursuant to section 2241. *See* Rule 1(b), Rules Governing § 2254 Cases; *Castillo v. Pratt,* 162 F.Supp. 2d 575, 577 (N.D.Tex. 2001); *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001).

Dockets.Justia.com

Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed for lack of subject matter jurisdiction.

## Discussion

    I.    <u>Factual background</u>

As stated verbatim from his petition, Petitioner raises the following grounds for habeas corpus relief:

    A.    State Judge Pajtas thought I was an attorney representing Shirley Barkley.

    B.    The Judge did not tell me that proceeding without an attorney had risks and required me to waive my federally secured rights.

    C.    The Judge has signed papers that are supposed to take my share of the property away from me, without letting me speak my total side of the STORY and knowing I could not afford an attorney.

    D.    On another date, the Judge Richard May specifically SAID that if SHIRLEY BARKLEY did not sign a PAPER that affected the TITLE to my land property, sometimes referred to by others as an appeal "BOND", then the Court would immediately take my real and personal property from me.

Petitioner does not assert that the action which brought him before the state court was a criminal matter, or that he is presently in custody under a sentence imposed by the state court.

    II.    <u>Custody requirement</u>

The purpose of the writ of habeas corpus is to free individuals from wrongful restraints upon their liberty. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Title 28 U.S.C. §§ 2241(c)(3) and 2254(a) provide that a habeas petition may be filed when a person is "in custody in violation of the Constitution or laws or treaties of the United States." An applicant for habeas corpus relief must be "in custody" when the petition is filed in order to vest the court with

jurisdiction to grant a petition for a writ of habeas corpus. *Garlotte v. Fordice*, 515 U.S. 39, 43-44 (1995); *See* 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States").

An incarcerated person's challenge to the validity of his conviction or sentence satisfies the "in custody" requirement of section 2241. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). However, a petitioner need not actually be imprisoned to meet the "in custody" requirement. *See e.g., Lefkowitz v. Mewsome*, 420 U.S. 283, 286 (1975) (petitioner released on bail pending appeal is "in custody"); *Hensley v. Municipal Court*, 411 U.S. 345, 348-49 (1973) (petitioner released on own recognizance is "in custody"); *Jones v. Cunningham*, 371 U.S. 236, 243 (1963) (petitioner on parole was "in custody" for habeas purposes); *Sevier v. Turner*, 742 F. 2d 262, 268-69 (6th Cir. 1984) (petitioner on probation at time of filing a petition for habeas corpus relief is "in custody"). A petitioner must establish that he is "in custody" under the conviction or sentence under attack at the time the petition is filed. *See Maleng v. Cook*, 490 U.S. 488, 490-91(1989).

In the instant petition, there is no indication, either from the facts alleged or reasonable inferences therefrom, that Petitioner was convicted of a crime and sentenced to a term of imprisonment, or that he is on parole or has been released pending appeal.[2] Thus, Petitioner is not presently "in custody" within the meaning of the statute.

---

[2] The Court notes that before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). A petitioner has fairly presented his claims when he identifies the constitutional right that he claims has been violated and the particular facts which supported his claims to the state courts. *Onifer v. Tyxzkiewicz*, 255 F.3d 313, 315 (6th Cir. 2001). The petitioner bears the burden of establishing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Here, Petitioner has not indicated that he has appealed the trial court's decision to the Michigan Court of Appeals and Michigan Supreme Court. Accordingly, even if Petitioner is attempting to challenge a criminal conviction, the Court would be compelled to dismiss the case for failing to exhaust available state remedies.

**Conclusion**

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because the court lacks subject matter jurisdiction.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. This Court denied Petitioner's application on jurisdictional grounds. Under *Slack v. McDaniel*, 529 U.S. 473 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* at 484. The Court finds that reasonable jurists could not debate that this Court correctly dismissed this petition for lack of subject matter jurisdiction. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.


Date:   February 22, 2006           /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    CHIEF UNITED STATES DISTRICT JUDGE